Dear Mr. Kramer:
You requested an opinion of this office concerning the applicability of the minimum financial responsibility requirements under the Motor Carrier Safety Improvement Act of 1999 ("Act") to certain transportation activities of the Natchitoches Parish School Board ("School Board") and certain bus drivers who own and operate school buses to provide pupil transportation to the School Board under contract ("Contract Operators").
In your request, as further clarified during recent telephone conferences, you indicate that the School Board uses buses that it owns and operates to provide transportation on a for-hire basis to: (a) Louisiana School for Math, Science and the Arts; (b) Northwestern State University; (c) Boys and Girls Clubs; and (d) various church and civic organizations. In addition, certain Contract Operators also provide for-hire transportation to the entities listed in (a) through (d) above. The transportation provided by the School Board and Contract Operators to these entities is occasionally to and from locations outside Louisiana. The School Board supports the use of its buses and those of the Contract Operators for such transportation. These transportation activities of the School Board and its Contract Operators are separate from the transportation of children attending the School Board's schools to and from school and on extracurricular trips organized and sponsored by the school system. Under these circumstances, you ask whether the transportation provided on a for-hire basis to the entities in (a)-(d) above by (1) the School Board and (2) the Contract Operators would subject the School Board or Contract Drivers to the insurance requirements of49 C.F.R. § 387.33.
For reasons explained below, it is the opinion of this office that the use of a school bus by the Contract Operators to transport only school children and/or school personnel from home to school or school to home or to transport, under contract, school students to extracurricular trips organized, sponsored, and paid by a school district is exempt from the insurance requirements referenced in your request. However, for-hire transportation of passengers across State lines provided to the entities listed in (a) (d) above by the Contract Operators would subject the Contract Operators to those insurance requirements. The transportation provided by the School Board itself (using the buses it owns and operates) would be exempt from those requirements. Due to the differences in the treatment of school boards and non- government carriers for purposes of the insurance requirements, we address the application of the Act and related regulations to the School Board separately from their application to the Contract Operators.
Applicable Law and Regulations
The Federal Motor Carrier Safety Administration ("FMCSA"), created pursuant to the Act as a separate administration within the U.S. Department of Transportation, has authority over the regulation and safety of motor freight transportation companies and passenger carriers. The applicability of the insurance requirements[1]
under the Act and the Federal Motor Carrier Safety Regulations ("FMCSRs") depends on the classification of the passenger transportation carrier as a for-hire carrier or a private motor carrier of passenger ("PMCP")[2] and of the transportation as interstate or intrastate, and the availability of statutory or regulatory exemptions.
The specific FMCSRs whose applicability is at issue are found in49 C.F.R. Part 387, Subpart B of which "prescribes the minimum levels of financial responsibility required to be maintained by for-hire motor carriers of passengers operating motor vehicles in interstate or foreign commerce." See 49 C.F.R. § 387.25.49 C.F.R. § 387.33 contains the specific levels of financial responsibility (insurance) that for-hire motor carriers of passengers operating motor vehicles in interstate commerce are required to maintain.
49 C.F.R. § 387.29 contains the definitions specific to Subpart B of Part 387. 49 C.F.R. Part 390 contains more general definitions and other provisions that are applicable to all FMCSRs, not just Subpart B of Part 387, and provides the definitions of some terms pertinent to the application of Part 387.
In addition to the above statutes and regulations which will be discussed in more detail below, we will also rely on the interpretations and statements of regulatory guidance issued by the FMCSA in response to questions as to the interpretation or application of various provisions of the Act or the FMCSRs.[3]
Transportation Provided by the School Board
Your request states that, separate and apart from the transportation of students to and from school and extracurricular trips organized, sponsored, and paid by the school district, the School Board uses school buses that it owns and operates to provide transportation services to: (a) the Louisiana School for Math, Science and the Arts; (b) Northwestern State University; (c) Boys and Girls Clubs; and (d) various church and civic organizations. Your request concerns the applicability of the FMCSRs' insurance requirements to the service provided by the School Board to the entities listed in (a) (d).
Unless a specific exemption or restriction can be found, a motor carrier[4] transporting passengers in interstate commerce must first obtain and have in effect the minimum levels of insurance as required under the FMCSRs. See49 C.F.R. § 387.31(a).
49 C.F.R. Part 390 contains general definitions and other provisions that are applicable to FMCSRs. 49 C.F.R. § 390.3(f) provides that, unless otherwise specifically provided, the FMCSRs do not apply to:
(1) All school bus operations as defined in § 390.5;
Transportation performed by the Federal government, a State, or any political subdivision of a State, or an agency established under a compact between States that has been approved by the Congress of the United States; 
 No specific provision to the contrary can be found that would override the general exemption above. Therefore, the insurance requirements of Part 387 of the FMCSRs are inapplicable to transportation provided by political subdivisions of a State.
Under Louisiana law, the School Board would meet the definition of a "political subdivision" as "a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions." See La. Const. art. VI, § 44(2).49 C.F.R. § 390.3(f)(2) specifically exempts transportation performed by a State or any political subdivision of a State from the FMCSRs unless otherwise provided. As no contrary provision can be found that would render the insurance requirements of Part 387 of the FMCSRs applicable to political subdivisions of a State, we conclude that any interstate transportation of passengers provided by the School Board to the entities listed in (a) (d) above would be exempt from the FMCSRs' insurance requirements.
In further support of our conclusion, we cite the following statements of regulatory guidance issued by the FMCSA in response to questions as to the interpretation or application of various provisions of the Act or the FMCSRs:
 Question 9: Are the FMCSRs applicable to drivers/vehicles operated by a State or local educational institution which is a political subdivision of the State?
 Guidance: Section 390.3(f)(2) specifically exempts transportation performed by a State or a political subdivision including any agency of a State or locality from the FMCSRs. The drivers, however, may be subject to the CDL[5] requirements and/or State laws that are similar to the FMCSRs.
 Question 10: Are the FMCSRs applicable to drivers/vehicles operated by a transit authority owned and operated by a State or a political subdivision of the State?
 Guidance: Section 390.3(f)(2) specifically exempts transportation performed by the Federal Government, a State, or any political subdivision of a State from the FMCSRs. However, this exemption does not apply to the CDL requirements in part 383. Also, if governmental entities engage in interstate charter transportation of passengers, they must comply with accident report retention requirements of part 390.
 Question 11: Is the interstate transportation of students, teachers and parents to school events such as athletic contests and field trips performed by municipalities subject to the FMCSRs? If a fee is charged to defer the municipality's expenses, does this affect the applicability of the regulations?
 Guidance: Section 390.3(f)(2) specifically exempts transportation performed by the Federal Government, a State, or any political subdivision of a State from the FMCSRs. Charging a fee to defer governmental costs does not affect this exemption. However, this exemption does not apply to the CDL requirements in part 383. Also, if governmental entities engage in interstate charter transportation of passengers, they must comply with accident report retention requirements of part 390.
 62 FR 16370, 16404. [Emphasis provided.]
The FMCSA's statements quoted above reflect the agency's view that transportation by a political subdivision such as the School Board is exempt from the FMCSRs except as noted in the statements above. The highlighted portion of the statements quoted above shows that the FMCSA is construing the political subdivision exemption as applying to not just pupil transportation, but also to any interstate charter transportation of passengers (except for report retention requirements, which are unrelated to the insurance issue at hand). Thus, we conclude that the interstate transportation of passengers provided by the School Board to the entities listed in (a) (d) is exempt from the FMCSRs' insurance requirements.[6] We reach this conclusion only with respect to the transportation provided by the School Board itself, and not the Contract Operators, whose status will be discussed below.
Transportation Provided by the Contract Carriers
As noted above, separate and apart from the transportation of students to and from school and extracurricular trips organized, sponsored, and paid by the school district, the Contract Operators offer transportation services to: (a) the Louisiana School for Math, Science and the Arts; (b) Northwestern State University; (c) Boys and Girls Clubs; and (d) various church and civic organizations. Your request concerns the applicability of the FMCSRs' insurance requirements to the service provided by the Contract Operators to these entities listed in (a) (d).
Unless a specific exemption or restriction can be found, a motor carrier[7] transporting passengers in interstate commerce must first obtain and have in effect the minimum levels of insurance as required under the FMCSRs. See49 C.F.R. § 387.31(a). The classification of a carrier as a "for-hire motor carrier transporting passengers in interstate commerce" is critical to the applicability of the FMCSRs' insurance requirements, because the insurance requirements only apply to "for-hire motor carriers transporting passengers in interstate or foreign commerce." See 49 C.F.R. § 387.27(a).
49 C.F.R. § 387.29 contains the definitions specific to the insurance requirements of Subpart B of Part 387. It defines the term "for-hire carriage," for purposes of the insurance requirements, as the business of transporting, for compensation, passengers and their property, including any compensated transportation of the goods or property of another. "Financial responsibility" means the financial reserves (e.g., insurance policies or surety bonds) sufficient to satisfy liability amounts set forth in Subpart B covering public liability. "Motor carrier" means a for-hire motor carrier. The term includes, but is not limited to, a motor carrier's agent, officer, or representative; an employee responsible for hiring, supervising, training, assigning, or dispatching a driver; or an employee concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories.
49 C.F.R. § 387.29 contains the definitions and applicability provisions specific to the insurance requirements of Subpart B of Part 387. 49 C.F.R. § 387.27(B) contains certain exemptions from the FMCSRs' insurance requirements for motor carriers of passengers, including the following:
 A motor vehicle transporting only school children and teachers to or from school;
 (4) A motor vehicle operated by a motor carrier under contract providing transportation of preprimary, primary, and secondary students for extracurricular trips organized, sponsored, and paid by a school district.
 49 C.F.R. Part 390 contains general definitions and other provisions that are applicable to all FMCSRs, not just Subpart B of Part 387, and provides the definitions of some terms pertinent to the application of Part 387. Under 49 C.F.R. § 390.5, "interstate commerce" is defined as trade, traffic, or transportation in the United States between: (1) a place in a State and a place outside of such State (including a place outside of the United States); (2) between two places in a State through another state or a place outside of the United States; or (3) between two places in a State as part of trade, traffic, or transportation originating or terminating outside the State or the United States.[8] "Intrastate commerce" means any trade, traffic, or transportation in any State which is not described in the term "interstate commerce." 49 C.F.R. § 390.5.
"Bus" means any motor vehicle designed, constructed, and or used for the transportation of passengers, including taxicabs. Id.
"School bus" means a passenger motor vehicle which is designed or used to carry more than 10 passengers in addition to the driver, and which the Secretary of Transportation determines is likely to be significantly used for the purpose of transporting preprimary, primary, or secondary school students to such schools from home or from such schools to home. Id. "School bus operation" means the use of a school bus to transport only school children and/or school personnel from home to school and from school to home. Id.
Under the facts you have indicated, that the vehicles are used to transport passengers seems undisputed and requires little analysis. Thus the relevant issues are: (a) whether the Contract Operators offering transportation to the entities listed in (a) (d) above are "for-hire motor carriers;" (b) whether their transportation of passengers occurs in "interstate or foreign commerce;" and (c) whether any of the statutory or regulatory exemptions from the insurance requirements are applicable.
First we address the applicability of the "for-hire" classification to the Contract Operators under the facts outlined in your request. In addition to the definition of "for-hire motor carrier" as "a person engaged in the transportation of goods or passengers for compensation," the FMCSA has stated that three factors must be present for a motor carrier to be classified as a "for-hire" motor carrier: (a) the motor carrier provides interstate transportation of passengers for a commercial purpose; (b) the motor carrier is compensated, either directly or indirectly, for the transportation service provided; and (c) the transportation service is generally available to the public at large. The following excerpt from a statement of guidance serves to further illustrate the agency's interpretation of the term "for-hire":
 Question 10: Does the FHWA define for-hire transportation of passengers the same as the former ICC did?
 Guidance: The term "for-hire motor carrier" as defined in part 390 means a person engaged in the transportation of goods or passengers for compensation. The FHWA has determined that any business entity that assesses a fee, monetary or otherwise, directly or indirectly for the transportation of passengers is operating as a for-hire carrier. 
 62 F.R. 16370, 16406 16407.[9]
 You had indicated in your request that the Contract Operators are providing transportation services to the entities listed in (a) (d) above on a for-hire basis. Therefore, we will analyze the Contract Operators as providing for-hire transportation to those entities.
Next, we address whether the transportation of passengers occurs in "interstate commerce." You had indicated during a telephone conference that the Contract Operators sometimes transport passengers to and from out-of-state locations. "Interstate commerce" is defined as trade, traffic, or transportation in the United States between: (1) a place in a State and a place outside of such State (including a place outside of the United States); (2) between two places in a State through another state or a place outside of the United States; or (3) between two places in a State as part of trade, traffic, or transportation originating or terminating outside the State or the United States. Where the carrier's transportation services are not routinely or clearly interstate, the FMCSA's standard for determining whether transportation occurs in interstate or intrastate commerce is as follows:
 Question 6: How does one distinguish between intra- and interstate commerce for the purposes of applicability of the FMCSRs?
 Guidance: Interstate commerce is determined by the essential character of the movement, manifested by the shipper's fixed and persistent intent at the time of shipment, and is ascertained from all of the facts and circumstances surrounding the transportation.[10] When the intent of the transportation being performed is interstate in nature, even when the route is within the boundaries of a single State, the driver and CMV are subject to the FMCSRs.
 62 F.R. 16370, 16404.
The facts you provided indicate that the entities which engage the Contract Operators (such as Northwestern State University) do sometimes seek and receive transportation to out-of-state locations. In view of the FMCSA's "intent of transportation" and "essential character of movement" tests, the Contract Operators appear to be engaging in interstate transportation of passengers, though we note that this is a factual determination that should be made based on "all of the facts and circumstances surrounding the transportation."
Based on the facts you have provided and for the reasons stated above, the transportation services provided by the Contract Operators to entities other than the School Board's schools (i.e., (a) the Louisiana School for Math, Science and the Arts; (b) Northwestern State University; (c) Boys and Girls Clubs; and (d) various church and civic organizations) appear to be interstate transportation of passengers for hire, which would be subject to the insurance requirements under the FMCSRs, unless a specific exemption applies.
Of the various exemptions from the insurance requirements available under 49 C.F.R. § 387.27(B), the following are relevant to the facts presented in your request:
 (1) A motor vehicle transporting only school children and teachers to or from school;
 (4) A motor vehicle operated by a motor carrier under contract providing transportation of preprimary, primary, and secondary students for extracurricular trips organized, sponsored, and paid by a school district.
The above provisions would exempt from the insurance requirements the use of motor vehicles by the Contract Operators to transport only school children and teachers to or from school, and to transport preprimary, primary and secondary students under contract for extracurricular trips organized, sponsored, and paid by the school district. The other uses of the school buses described in your request, such as the transportation provided to the entities listed in (a) (d) above, are not specifically covered by the above exemptions.
As for the other types of transportation provided by the Contract Operators referenced in your request, i.e., transportation provided to entities other than the Natchitoches Parish schools, the exceptions and restrictions found in 49 C.F.R. Part 390 are of possible relevance. Part 390 sets forth the general applicability, definitions, general requirements and information as they pertain to motor carriers subject to FMCSRs.49 C.F.R. § 390.3(f) provides that, unless otherwise specifically provided, the FMCSRs do not apply to:
(1) All school bus operations as defined in § 390.5;
 (2) Transportation performed by the Federal government, a State, or any political subdivision of a State, or an agency established under a compact between States that has been approved by the Congress of the United States;
 "School bus operation" means the use of a school bus to transport school children and/or school personnel from home to school and from school to home, and would not apply to the transportation services described in your request as offered to entities listed in (a) (d) above.[11]
Under 49 C.F.R. § 390.3(f)(2), any transportation performed by the School Board would be exempt, as the School Board is a political subdivision of the State of Louisiana. It could be argued that this exemption extends to the transportation provided by the Contract Operators to various entities such as the Boys and Girls Clubs. However, as explained below, the FMCSA's guidelines clarify that the "political subdivision" exemption is only available when the transportation is performed by the political subdivision, and is inapplicable to transportation by anyone operating school buses under contract.
 Question 1: Does the government exception in § 390.3(f)(2) apply to motor carriers doing business with the government?
 Guidance: No. The exception applies only when the government is the motor carrier.[12]
 62 FR 16370, 16404.
The difference between motor carriers operating under contract with political subdivisions and the political subdivisions themselves, for the purposes of the FMCSRs, is further clarified in the following regulatory guidance:
 Question 14: What is the applicability of the FMCSRs to motor carriers owning and operating school buses that contract with a municipality to provide pupil transportation services?
 Guidance: School bus operations and transportation performed by government entities are specifically exempted from the FMCSRs under § 390.3(f).
 However, anyone operating school buses under contract with a school is a for-hire motor carrier. When a nongovernment, for-hire motor carrier transports children to school-related functions other than "school bus operation" such as sporting events, class trips, etc., and operates across State lines, its operation must be conducted in accordance with the FMCSRs. This applies to motor carriers that operate CMVs as defined under part 390 which includes vehicles which have a GVWR of 10,001 pounds or more or are designed or used to carry passengers for compensation, except 6-passenger taxicabs not operating on fixed routes.
 In certain instances, carriers providing school bus transportation are not subject to the Bus Regulatory Reform Act of 1982 and the minimum financial responsibility requirements (part 387) issued under this Act. Transportation of school children and teachers that is organized, sponsored, and paid for by the school district is not subject to part 387. Therefore, school bus contractors must comply with the FMCSRs for interstate trips such as sporting events and class trips but are not required by Federal regulations to carry a specific level of insurance coverage.
 For those operations provided by school bus contractors that are subject to the FMCSRs, the motor carriers must keep driver and vehicle records as required by the regulations. This would include driver qualifications records (part 391), driver records of duty status (part 395), accident report retention (part 390), and inspection, repair, and maintenance records (part 396) for the drivers and vehicles that are used on the trips that are subject to the FMCSRs. These records are not required under the FMCSRs for the other vehicles in the motor carrier's fleet that are not subject to the regulations.
 62 F.R. 16370, 16405 [Emphasis added.]
This position is also reiterated in the following regulatory guidance statements:
 Question 4: When must a contract school bus operator comply with part 387?
 Guidance: When the contractor is not engaged in transportation to or from school and the transportation is not organized, sponsored, and paid for by the school district.
 Question 5: Does the exemption for the transportation of school children end at the high school level or does it extend to educational institutions beyond high school, for example junior college or college?
 Guidance: The exemption does not extend beyond the high school level.
 62 F.R. 16370, 16403.
Therefore, no exemption can be found that would apply to the Contract Operators' interstate transportation of passengers for hire as outlined in your request and further clarified during telephone conferences.
Conclusion
For all of the above reasons, it appears that the interstate transportation of passengers by the School Board itself would be exempt from the FMCSRs' insurance requirements. As for the Contract Operators, only the transportation of the Natchitoches Parish school children and teachers to or from school by the Contract Operators, and any transportation under contract by them of preprimary, primary and secondary students for extracurricular trips organized, sponsored and paid by the School Board would be exempt from the insurance requirements. All other interstate for-hire transportation by the Contract Operators concerning which you request an opinion would be subject to the minimum financial responsibility requirements of Part 387.
While we have attempted to address the issues raised in your request based on the facts you have provided, this opinion should not be construed as a determination of facts or the application of federal law to such facts. Insofar as your request concerns the application of federal law, such a determination is more appropriately made by federal agencies and/or federal courts interpreting the applicability of the Act when presented with complete facts. Additionally, we have not addressed the applicability of state laws and regulations to any intrastate transportation that the Contract Operators may be undertaking, as your request only concerns the applicability of the federal insurance requirements.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
With best regards,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________
 Uma M. Subramanian Assistant Attorney General
[1] The minimum financial responsibility provisions concern insurance and are commonly referred to by the FMCSA and as "insurance" requirements. Accordingly, the terms "insurance requirements" and "minimum financial responsibility requirements" are used interchangeably in this opinion.
[2] Further sub-classification of PMCPs into business and non-business PMCPs is not relevant to the issue you have raised, namely the applicability of the minimum financial responsibility provisions under the Act and the FMCSRs.
[3] The guidelines referenced here include those issued by the Federal Highway Administration ("FHWA"), the FMCSA's predecessor agency. The FHWA had issued interpretations and regulatory guidance materials in question and answer form for each part of the FMCSRs, including those provisions of Parts 387 and 390 at issue here. The regulatory guidance materials currently in effect are found at 62 F.R. 16370, and also on the FMCSA's official website, suggesting their adoption and continued application by the FMCSA.
[4] For purposes of the insurance requirements under Subpart B of Part 387, "motor carrier" means a for-hire motor carrier. See49 C.F.R. § 387.29.
[5] "CDL," as used here, refers to Commercial Drivers License.
[6] The FMCSA initiated a rulemaking to consider whether the FMCSRs should apply to all interstate school transportation operations by local educational agencies, but withdrew the rulemaking. See 69 FR 37915, 37916. So the exemption granted to transportation by political subdivisions under49 C.F.R. § 390.3(f)(2) remains unaffected.
[7] For purposes of the insurance requirements under Subpart B of Part 387, "motor carrier" means a for-hire motor carrier. See49 C.F.R. § 387.29.
[8] This definition is substantially similar to the definition of 49 U.S.C. § 13501, which concerns the Department of Transportation's authority.
[9] In a Notice of Proposed Rulemaking published on January 11, 2001, FMCSA maintained this interpretation. FMCSA considers compensation to be synonymous with "for hire." Also note that FMCSA generally considers a carrier that charges a fee, whether directly or indirectly, as making the service available to the public at large. FMCSA considers it immaterial that the transportation services offered may be attractive only to a limited group. See 66 F.R. 2767, 2768-2769.
[10] Though the reference to "shipper" indicates transportation of goods or commodities rather than passengers, the "essential character of the movement" and "intent of transportation" standards would seem to apply to both transportation of passengers and goods, because the terms "interstate" and "intrastate" are used with respect to both. We therefore find the referenced statement of guidance equally applicable to goods and passengers in interpreting the term "interstate."
[11] Though Louisiana School for Math, Science and Arts is a high school, the transportation offered by the Contract Operators to that school does not fit the "school bus operation" exception as it is not from school to home or home to school. Neither does it fall under the extracurricular trip exception under49 C.F.R. § 387.27(B), because the extracurricular trips that the students of the Louisiana School for Math, Science and Arts take are not organized, sponsored or paid for by the School Board.
[12] When the Contract Operators' transportation is concerned, the School Board itself is not the carrier. Rather, the carriers are the bus drivers providing pupil transportation to the School Board under contract.